People v Amoroso (2022 NY Slip Op 04063)

People v Amoroso

2022 NY Slip Op 04063

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

112497
[*1]The People of the State of New York, Respondent,
v
Alex Robert Amoroso, Appellant.

Calendar Date:May 23, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ.

Clea Weiss, Ithaca, for appellant.
Megan K. Galligan, District Attorney, Monticello (Lisa M. Bondarenka of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Sullivan County (Farrell, J.), rendered January 27, 2020, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant, a risk level three sex offender, pleaded guilty to promoting an obscene sexual performance by a child and was sentenced to 10 years of probation subject to various terms and conditions — including, as relevant here, that he refrain from consuming alcohol and submit to testing to determine his use thereof. A violation of probation petition subsequently was filed alleging that defendant had consumed alcohol — specifically, that he drove to an appointment with his probation officer in an intoxicated state, admitted that he would fail the requested urinalysis test because he had consumed alcohol, left the premises without submitting to testing, drove home and thereafter returned to the Probation Department, at which time a breath test confirmed the presence of alcohol in his system. Defendant, who was advised that his maximum sentencing exposure would be a prison term of 2&frac13; to 7 years, subsequently admitted to violating the terms and conditions of his probation with the understanding that his probation would be revoked and that the resulting sentence to be imposed would be capped at 1&frac23; to 5 years. After reviewing defendant's criminal history and hearing arguments in mitigation from counsel, County Court revoked defendant's probation and sentenced him to a prison term of 1&frac23; to 5 years. This appeal ensued.
Defendant's sole argument upon appeal is that the sentence imposed is "unduly harsh or severe" (CPL 470.15 [6] [b]). We disagree. Defendant was apprised of the relevant sentencing cap, which was less than the maximum period of imprisonment that could be imposed for a class D felony (see Penal Law §§ 70.00 [2] [d]; [3] [b]; 263.10). Although defendant's violation of probation admittedly did not relate to the underlying sex crime, defendant nonetheless has a long history of alcohol-related offenses and, despite preventative services, has had limited success in managing his substance abuse issues. Under these circumstances, we do not find the sentence imposed to be unduly harsh or severe, so we decline defendant's invitation to modify the sentence in the interest of justice.
Egan Jr., J.P., Lynch, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.